Foley Law Firm
A Professional Corporation
By: Michael J. Foley, Esquire
I.D. # 39855
538 Spruce St. Ste. 200 - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194                                                                                    Attorney for Plaintiffs

| | |
|---|---|
| **EILEEN GARAVENTE and** | IN THE COURT OF COMMON PLEAS |
| **LOUIS GARAVENTE, her husband,** | OF LACKAWANNA COUNTY |
| Plaintiffs | CIVIL ACTION |
| vs. | |
| | JURY TRIAL DEMANDED |
| **SAM'S CLUB #6581; SAM'S EAST, INC.** | |
| **d/b/a SAM'S CLUB and WALMART, INC.** | |
| Defendant | 2021-CV-2934 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take certain action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW. THESE OFFICES CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

| | |
|---|---|
| Northern Pennsylvania Legal Services, Inc. | Lawyer Referral Service |
| 507 Linden Street, Suite 300 | Lackawanna Bar Association |
| Scranton, PA   18503-1631 | 338 Lackawanna Avenue, 3rd Floor |
| 570-342-0184 | Scranton, PA   18503-1502 |
| 570-969-9600 | |

_____
Michael J. Foley, Esquire

Foley Law Firm
A Professional Corporation
By: Michael J. Foley, Esquire
I.D. # 39855
538 Spruce St. Ste. 200 - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194

Attorney for Plaintiffs

| | |
|---|---|
| **EILEEN GARAVENTE and LOUIS GARAVENTE, her husband,** | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
| Plaintiffs | CIVIL ACTION |
| vs. | |
| **SAM'S CLUB #6581; SAM'S EAST, INC. d/b/a SAM'S CLUB and WALMART, INC.** | JURY TRIAL DEMANDED |
| Defendant | 2021-CV-2934 |

## COMPLAINT

AND NOW come the Plaintiffs, Eileen and Louis Garavente, by and through their counsel, the Foley Law Firm, P.C., and hereby file the following Complaint against the Defendants.

1. The Plaintiffs, Eileen and Louis Garavente, are adult citizens and residents of the Commonwealth of Pennsylvania who reside at 14 Long Lake Rd. N. Lakewood, PA 18439.

2. Defendant, Sam's Club #6581, is upon information and belief a business duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 921 Viewmont Drive Scranton, PA 18505.

3. Defendant Sam's Club East, Inc. d/b/a Sam's Club is upon information and belief a corporation doing business in the Commonwealth of Pennsylvania with a principal place of business at 608 SW 8th Street, Bentonville, AZ 72716, and a store at 921 Viewmont Drive Scranton, PA 18505.

4. Defendant Walmart Inc. is upon information and belief a corporation doing business in the Commonwealth of Pennsylvania with a principal place of business at 702 SW 8th Street, Bartonville, AZ 72716.

5. On Wednesday July 17, 2019, around 1:30 pm, Plaintiff Eileen Garavente and her husband, Louis Garavente, were business invitees who were shopping at Sam's Club #6581 at 921 Viewmont Drive Scranton, PA 18505.

6. At the aforementioned date, time, and place, unbeknownst to Plaintiffs prior to the fall, there was plastic stripping tape hanging off an air conditioner box that was part of a display in the snack aisle.

7. The Defendants' employees either placed, or were responsible for the placement of the plastic stripping tape hanging off the air conditioner, or had notice and/or constructive notice of its condition for a sufficient period of time that the conditions should have been corrected by Defendants.

8. At the aforementioned date, time, and place, Plaintiff Eileen Garavente was walking down the aisle when the plastic stripping tape wrapped around her ankle. Without knowledge of this, Plaintiff proceeded to walk forward until she took a hard fall, hitting her head and slamming her left knee, right knee, elbow, chest, and ribs on the cement floor.

9. As a direct and proximate result of the aforementioned fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff was confined to her home because of the injuries sustained in the fall for a period of time.

10. Following the aforementioned fall, due to the pain Plaintiff experienced, Plaintiff went to Wayne Memorial Hospital- Outpatient Center at 601 Park St.

Honesdale, PA 18431 on July 26, 2019, and was treated by Dr. Richard Hacker at 412 Como Road Lake Como, PA 18437 on July 26, 2019.

11. As a direct and proximate result of the fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff needed to use aids and/or medical devices including cold packs and moist heat for swelling and pain.

12. As a direct and proximate result of the fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff's lifestyle has been significantly disrupted. Prior to the fall, Plaintiff enjoyed an active lifestyle filled with activities, and attending church. As a direct and proximate result of the fall and her resulting injuries, Plaintiff now lives a restricted lifestyle and was unable to do many of the activities she enjoyed prior to the fall, and continues to be restricted.

13. At all times material hereto, Plaintiffs, Eileen and Louis Garavente, acted with due care and caution for the safety of themselves.

14. The aforementioned fall and resulting injuries and damages to the Plaintiff were caused solely and exclusively by the careless and negligent conduct of the Defendants and/or each of them, and were not caused by any act or failure to act on the part of the Plaintiff.

15. As a direct and proximate result of the aforementioned fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff sustained severe and serious injuries and impairments of bodily function, including broken ribs, as well as severe pain in her legs and knees.

16. As a direct and proximate result of the aforementioned fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff has been obligated

to expend various and diverse sums of money in an effort to treat her injuries and will continue to be so obligated for an indefinite period of time in the future.

17. As a direct and proximate result of the aforementioned fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff has suffered medical expenses and incurred other incidental monetary and financial losses and expenses and will continue to so suffer those losses and damages for an indefinite period of time in the future.

18. As a direct and proximate result of the aforementioned fall and the conduct on the part of the Defendants, and/or each of them, Plaintiff has suffered serious impairments of bodily functions, physical pain and suffering, emotional distress, discomfort, inconvenience, embarrassment, humiliation, and loss of the ability to enjoy the pleasures of life and will continue to so suffer for an indefinite period of time in the future.

## COUNT I

### EILEEN GARAVENTE v. SAM'S CLUB #6581

19. Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

20. Defendant Sam's Club #6581 owed to the Plaintiff a duty of care and, through its negligent and careless conduct, breached that duty, causing Plaintiff's injuries, damages, and losses in one of more of the following ways:

   a. failing to properly inspect for dangers and maintain, and ensure safety of the areas in question so as to furnish to Plaintiff, Eileen Garavente, a safe walking path in the aisle, free from hazards which were recognized or should have been recognized by Defendant, Sam's Club #6581, as causing or likely to cause the serious physical harm to Plaintiff and others;

    b. failing to inspect and maintain the store in a safe condition to ensure that Plaintiff would not be caused to trip and fall as a result of the plastic stripping tape in the aisle;

    c. failing to properly inspect the store and aisles wherein Plaintiff was caused to fall as a result of not removing the plastic stripping tape in the aisle;

    d. failing to inspect and maintain the premises in good and safe condition for Plaintiff and others

    e. failing to otherwise comply with the applicable laws and regulations of the Commonwealth of Pennsylvania and the applicable Federal laws and regulations;

    f. otherwise failing properly exercise oversight over the workers required to inspect and maintain the condition of the store.

WHEREFORE, the Plaintiff, Eileen Garavente, demands judgement in her favor and against Defendant Sam's Club #6581 in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate.

## COUNT II

### EILEEN GARAVENTE v. SAM'S EAST, INC. d/b/a Sam's Club

21. Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

22. Defendant Sam's East, Inc. owed to the Plaintiff a duty of care and, through its negligent and careless conduct, breached that duty, causing Plaintiff's injuries, damages, and losses in one of more of the following ways:

    a. failing to properly inspect for dangers and maintain, and ensure safety of the areas in question so as to furnish to Plaintiff, Eileen Garavente, a safe walking path in the aisle, free from hazards which were recognized or should have been recognized by Defendant, Sam's Club #6581, as causing or likely to cause the serious physical harm to Plaintiff and others;

    b. failing to inspect and maintain the store in a safe condition to ensure that Plaintiff would not be caused to trip and fall as a result of the plastic stripping tape in the aisle;

    c. failing to properly inspect the store and aisles wherein Plaintiff was caused to fall as a result of not removing the plastic stripping tape in the aisle;

    d. failing to inspect and maintain the premises in good and safe condition for Plaintiff and others

    e. failing to otherwise comply with the applicable laws and regulations of the Commonwealth of Pennsylvania and the applicable Federal laws and regulations;

    f. otherwise failing properly exercise oversight over the workers required to inspect and maintain the condition of the store.

WHEREFORE, the Plaintiff, Eileen Garavente, demands judgement in her favor and against Defendant Sam's East, Inc. in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate.

## COUNT III

### EILEEN GARAVENTE v. WALMART, INC.

23. Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

24. Defendant Walmart, Inc. owed to the Plaintiff a duty of care and, through its negligent and careless conduct, breached that duty, causing Plaintiff's injuries, damages, and losses in one of more of the following ways:

    a. failing to properly inspect for dangers and maintain, and ensure safety of the areas in question so as to furnish to Plaintiff, Eileen Garavente, a safe walking path in the aisle, free from hazards which were recognized or should have been recognized by Defendant, Sam's Club #6581, as causing or likely to cause the serious physical harm to Plaintiff and others;

b. failing to inspect and maintain the store in a safe condition to ensure that Plaintiff would not be caused to trip and fall as a result of the plastic stripping tape in the aisle;

c. failing to properly inspect the store and aisles wherein Plaintiff was caused to fall as a result of not removing the plastic stripping tape in the aisle;

d. failing to inspect and maintain the premises in good and safe condition for Plaintiff and others

e. failing to otherwise comply with the applicable laws and regulations of the Commonwealth of Pennsylvania and the applicable Federal laws and regulations;

f. otherwise failing properly exercise oversight over the workers required to inspect and maintain the condition of the store.

WHEREFORE, the Plaintiff, Eileen Garavente, demands judgement in her favor and against Defendant Walmart, Inc. in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate.

## COUNT IV

## LOUIS GARAVENTE v. DEFENDANTS

25. Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth at length herein.

26. As a direct and proximate result of the aforementioned fall at Sam's Club #6581 and the conduct of the Defendants, and/or each of them, in causing the injuries to the Plaintiff-wife, Eileen Garavente, Plaintiff-Husband, Louis Garavente, has been deprived of the assistance, society, comfort, services, and consortium of his wife and will continue to be so deprived for an indefinite period of time into the future.

WHEREFORE, the Plaintiff, Louis Garavente, demands judgement in his favor and against Defendants in an amount in excess of the applicable arbitration limits,

exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate.

                                          Respectfully submitted,

                                          FOLEY LAW FIRM, P.C.

BY:    _/s/ Michael J. Foley_____
                 Michael J. Foley, Esq.
                 Attorney ID # 39855
                 538 Spruce St., Suite 200
                 P.O. Box 1108
                 Scranton, PA 18501-1108
                 Phone: (570) 342-8194
                 Fax: (570) 342-4658

## VERIFICATION

I, Eileen Garavente, HEREBY VERIFY that I have read the foregoing Complaint and that insofar as it is based upon information within my own knowledge, it is true and correct and insofar as it is based upon the expertise of counsel, I have relied upon counsel in making this Verification. The language of the pleading is that of counsel and not my own. I understand that this Verification is made subject to the provisions of 18 Pa. C.S. A. § 4904 pertaining to Unsworn Falsification to Authorities.

*Eileen Garavente*
EILEEN GARAVENTE

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Date: 9/7/2021

Michael J. Foley, Esquire
Attorney Identification No.: 39855

MAURI B. KELLY
LACKAWANNA COUNTY
2021 SEP -7 P 3: 17
CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

## CERTIFICATE OF SERVICE:

AND NOW, this 7th day of September, 2021, undersigned counsel for the Plaintiffs hereby certifies he has this day forwarded Plaintiffs' Complaint via e-mail addressed as follows:

rblazure@tthlaw.com
Ryan C. Blazure, Esq.
jshields@tthlaw.com
Joseph J. Shields, Esq.
Thomas, Thomas & Hafer, LLP
Cross Creek Pointe
1065 Highway 315, Suite 205
Wilkes Barre, PA  18702

FOLEY LAW FIRM

By:  _____
Michael J. Foley, Esquire
Attorney ID # 39855
MikeF@FoleyLawFirm.com
538 Spruce St. - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194