**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EILEEN GARAVENTE and LOUIS GARAVENTE,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:21-1722 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| **SAM'S CLUB #6581; SAM'S EAST INC., d/b/a SAM'S CLUB; and WALMART, INC.** | : | |
| | : | |
| Defendants. | | |

## **MEMORANDUM**

On September 7, 2021, plaintiffs Eileen Garavente and her husband, Louis Garavente, ("Plaintiffs" or "the Garaventes"), filed a complaint in the Lackawanna County Court of Common Pleas, (Doc. 1-1), against defendants Sam's Club #6581, Sam's East, Inc., d/b/a Sam's Club, and Walmart, Inc., (collectively, "Defendants"). Defendants thereafter filed a notice of removal to remove the action from state court to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b). (Doc. 1). (Doc. 1).

Pending before the Court is the Plaintiffs' motion to remand the above-captioned action. (Doc. 4). For the reasons set forth below, the Plaintiffs' motion to remand will be **DENIED**.

I.     BACKGROUND

Plaintiffs Eileen and Louis Garavente are a married couple residing in Lakewood, Pennsylvania. (Doc. 1-1 at ¶ 1). The Plaintiffs allege that on July 17, 2019, they were shopping at a Sam's Club location in Scranton, Pennsylvania, Sam's Club #6581, when plaintiff Eileen Garavente, walking down a shopping isle, became entangled with "plastic stripping tape hanging off an air conditioner box." (Id. at ¶ 5-8). At this point, the Plaintiffs claim that Eileen Garavente, with the tape wrapped around her ankle, "proceeded to walk forward until she took a hard fall, hitting her head and slamming her left knee, right knee, elbow, chest, and ribs on the cement floor" of the store (Id. at ¶ 8).

The Plaintiffs assert that, as a "direct and proximate result of the fall," plaintiff Eileen Garavente was "confined to her home because of [her] injuries" and was forced to receive medical treatment at the Wayne Memorial Hospital Outpatient Center in Honesdale, Pennsylvania, and from Dr. Richard Hacker in Como, Pennsylvania. (Doc. 1-1 at ¶ 9). Thereafter, she "needed to use aids and/or medical devices" to manage swelling and pain, and her lifestyle was "significantly disrupted" to such a degree that she was "unable to do many of the activities she enjoyed prior to the fall." (Id. at ¶¶ 11-12). The injuries incurred by Mrs. Garavente allegedly included "broken ribs, as well as severe pain in her legs and knees." (Id. ¶ 15).

The Plaintiffs thus filed a complaint raising four separate counts against the Defendants in relation to an alleged failure to properly inspect

and maintain a safe premise in which the Plaintiffs and other customers may shop. (Doc. 1-1 at 6-9). As a result of the Defendants' negligence, the Plaintiffs claim, in part, that plaintiff Eileen Garavente suffered serious impairments of bodily functions and loss of the ability to enjoy the pleasures of life, while her husband was deprived of her assistance, comfort, and consortium. (Id. at ¶¶ 18, 26). The Plaintiffs therefore sought relief "in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate." (Id. at ¶ 20). On December 7, 2021, the Defendants filed a notice of removal in this district, (Doc. 1), whereafter the Plaintiffs filed their motion to remand, (Doc. 4).

**II.    STANDARD**

Any civil action brought in state court may be removed to a federal district court if the district court would have had original jurisdiction. 28 U.S.C. § 1441. It is well settled "that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004)); Rosenfield v. Forest City Enters., L.P., 300 F. Supp. 3d 674, 677 (E.D. Pa. 2018). Pursuant to 28 U.S.C. §1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

3

$75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .

28 U.S.C. §1332 (a)(1). The amount in controversy is generally decided from the face of the complaint itself,[1] Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993), whereas the citizenship of the parties where the parties are corporate entities will be established where the corporation "has been incorporated and … where it has its principal place of business," 28 U. S. C. §1332(c)(1). *See* Hertz Corp. v. Friend, 559 U.S. 77, 77 (2010).

Once a party has determined that there are sufficient grounds upon which it may remove a matter from state court to federal court, it may do so by filing a notice of removal. 28 U.S.C. §1446(b). Following removal, however, a party may move to remand the case back to state court during the pendency of the litigation. 28 U.S.C. §1447. In reviewing a motion to remand, "it is to be presumed that a cause lies outside this limited [federal] jurisdiction, and the burden of establishing the contrary [remains] upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 184 (1936)). The removal statutes are strictly construed

---

[1] Separate claims by the same plaintiff against the same defendant may be aggregated in order to reach the statutory amount in controversy. *See* Snyder v. Harris, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted ... in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant."); Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997). The amount in controversy, however, must be strictly adhered to when determining whether jurisdiction exists.

4

against removal, and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990).

### III.  DISCUSSION

The Plaintiffs do not contest the fact that diversity of citizenship exists. Instead, their sole contention in their motion to remand is that "[t]here is no substantive proof backed by the defendants Sam's Club and Walmart that the value of this case exceeds $75,000.00." (Doc. 5 at 1-2). Thus, the sole question for this Court is whether the Plaintiffs seek the minimum requirement for federal jurisdiction under Section 1332.

Traditionally, "[a] district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (citing Steel Valley Auth. v. Union Switch Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). In considering the pleadings, courts are mindful that a plaintiff is the "master of the case" and may limit the claims in the complaint to keep the amount in controversy below the jurisdictional threshold. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (internal quotations and citation omitted). "The Supreme Court has [also] long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938)).

Nevertheless, where the pleadings are ambiguous to a degree that inhibits a determination on a motion to remand as to the amount in

controversy, courts have relied upon multiple tests to establish the nature of a parties' burden in support or challenge of subject matter jurisdiction. In Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004), the Third Circuit streamlined the two main approaches into what are considered the "preponderance of the evidence" and "legal certainty" tests, as articulated in McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178 (1936), and St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) [hereafter Red Cab].

In distinguishing the applicability of these two standards, the court in Samuel-Bassett focused on whether the jurisdictional dispute involved unanswered questions of fact. Samuel-Bassett, 357 F.3d at 397; *see also* Federico, 597 F.3d at 193-94 (discussing the court's analysis in Samuel-Bassett and the factors separating the two approaches set forth in McNutt and Red Cab). As such, where the parties dispute the underlying facts concerning the jurisdictional amount requirement, "the trial court is free to weigh the evidence," Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977), and determine the facts "by a preponderance of evidence," Federico, 507 F.3d at 194 (quoting McNutt, 298 U.S. at 189). Thereafter, once any disputes regarding underlying jurisdictional facts are settled, a federal court must remand a matter if it apparent, to a "legal certainty," that the plaintiff cannot recover an amount exceeding the jurisdictional requirement. Federico, 507 F.3d at 194 (quoting Red Cab, 303

6

U.S. at 289); ACE American Ins. Co. v. Guerriero, 738 F.App'x 72, 76 (3d Cir. 2018).

Here, the Plaintiffs claim that "[a]s a direct and proximate result of the aforementioned fall and the [negligent] conduct on the part of the Defendants … Plaintiff has suffered medical expenses and incurred other incidental monetary and financial losses and expenses and will continue to so suffer those losses and damages for an indefinite period of time." (Doc. 1-1 at ¶ 17). Further, the Plaintiffs contend that plaintiff Eileen Garavente has suffered "serious impairments of bodily functions, physical pain and suffering, emotional distress, discomfort, inconvenience, embarrassment, humiliation, and loss of the ability to enjoy the pleasures of life," while her husband has been "deprived of the assistance, society, comfort, services, and consortium of his wife." (Id. at ¶¶ 18, 26). In light of these claims, the Plaintiffs demand judgment "in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with interest and costs, and such other relief as the Court deems appropriate." (Id. at 5-9).

Though the Plaintiffs claim that the Defendants have failed to establish that the monetary threshold for subject matter jurisdiction has been met, there are no clear disputes as to the underlying facts concerning the jurisdictional amount requirement. Instead, the Plaintiffs leave the Court with only the bare allegations presented in their complaint.[2] (Doc. 5 at 1).

---

[2] The Court notes that the Plaintiffs failed to submit a reply brief responding to the facts and arguments raised in the Defendants' brief in

7

Therefore, this Court must turn to the legal certainty test set forth in Red Cab. *See* Chrin v. Ibrix, Inc., 293 F.App'x 125, 127-28 (3d Cir. 2008) (court properly applied the legal certainty test where the party seeking remand failed to contest the jurisdictional facts supporting subject matter jurisdiction); *see also* Federico, 507 F.3d at 194 (quoting Red Cab, 303 U.S. at 289) (a case will be remanded "if, 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed'").

Similar questions regarding the amount in controversy have previously arisen in slip-and-fall cases. In Alston v. Wal-Mart East, L.P., 2012 WL 4321973, at *1 (E.D. Pa. Sept. 20, 2012), the plaintiff raised negligence claims comparable to those offered here and alleged to have incurred undisclosed sums for medical care and additional expenses. The Alston plaintiff also demanded relief in an amount in excess of the jurisdictional amount requiring submission to arbitration. Id. The court in Alston, based on the ambiguities in the plaintiff's complaint and her demand for relief of an undisclosed amount, found that it was not legally certain that the plaintiff's claims could not exceed $75,000. Id. at *3; *see also* Bastermeyer v. Dollar Gen. Corp., 2005 WL 8167395 (M.D. Pa. June 8, 2005) (court found that

---

opposition to the Plaintiffs' motion to remand. It is thus reasonable to assume that the Plaintiffs have no further facts or arguments to provide that may contradict the Defendants' contentions beyond the general claim that there is insufficient evidence to support a finding that the value of the instant case is greater than the minimum diversity threshold of $75,000.00. *See* (Doc. 5 at 1).

there was less than a legal certainty that the plaintiff could not recover more than statutory minimum where the complaint in a slip-and-fall matter sought judgment "in excess of $50,000 plus costs and interest").

As in Alston, the averments in the Garavente Plaintiffs' complaint satisfy the amount in controversy requirement, while the "[P]laintiff[s'] demand in excess of the arbitration limits [and] [their] refusal to stipulate to a $75,000 cap on her damages" is "reflective of the legal uncertainty that [they] cannot recover an amount less than the jurisdictional minimum." Alston, 2012 WL 4321973, at *3.[3] Therefore, this Court, based on the facts set forth in the pleadings, is unable to find that it is a legal certainty that the Plaintiffs cannot recover more than $75,000. The Plaintiffs' motion to remand will thus be denied.

---

[3] If the Plaintiffs in fact wanted to ensure that their claims would not exceed the jurisdictional minimum, they had ample opportunity to do so. *See* Latzanich v. James Hardie Building Products, Inc., 2018 WL 4275413, at *3 (M.D. Pa. Sept. 7, 2018) (remand appropriate where a plaintiff stated numerous times in his complaint that all monetary and injunctive relief was not to exceed $74,000). The Plaintiffs, however, not only fail to openly admit in their motion to remand that they seek relief under $75,000, but have seemingly avoided providing any information through which the amount in controversy may be calculated. *See* (Doc. 8 at 9) (Plaintiffs allegedly rejected a proposed stipulation limiting the Plaintiffs' claims to $74,999.99, though such a stipulation would not necessarily be dispositive).

9

## IV. CONCLUSION

For the reasons discussed above, the Plaintiffs' motion to remand, (Doc. 4), will be denied. A separate order will follow.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**Date: March 29, 2022**
21-1722-01.wpd